UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON T. KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL D. HAUSFELD and<br>HAUSFELD LLP,<br><br>　　　　Defendants.<br>_____/ | No. C-13-0237 EMC<br><br>**ORDER RE DEFENDANTS' EX PARTE APPLICATION TO TEMPORARILY SEAL COMPLAINT**<br><br>**(Docket No. 5)** |

　　　　Plaintiff Jon King has filed a wrongful termination suit against Defendants, alleging that he was fired from his position as a non-equity partner with Defendant Hausfeld LLP for objecting to unethical and improper practices at the law firm.  Defendants have filed an ex parte motion to temporarily seal the complaint in this case, arguing that it contains confidential information about the firm's clients, financial position, and strategies in various litigation.  Defendants state that Plaintiffs' inclusion of this information in the complaint also violates a confidentiality agreement he had signed during his employment for Hausfeld LLP.

　　　　Local Rule 79-5 provides that an order sealing certain court filings may issue "only upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Local R. 79-5(a).  Further, any request to seal documents " must be narrowly tailored to seek sealing only of sealable material."  *Id.*  The Ninth Circuit has recognized that there is a "strong presumption in favor of public access" to documents filed with the courts.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th

Cir. 2003).    A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and alterations omitted).

Here, Defendants have failed to identify any specific portions of the complaint that they wish to seal, or to articulate a compelling reason why those sections of the complaint must be sealed. Though Defendants seek to have the document sealed only "until such time as the Court and the parties have an opportunity to determine on a full record whether the complaint or portions of it should remain permanently sealed," they give no indication as to when this time may be.

The parties are hereby **ORDERED** to meet and confer to attempt to reach stipulations as to which portions of the complaint, if any, should be redacted in the public version of the document. The parties shall file a stipulation, or a statement of their respective positions if no stipulation can be reached, by Friday, February 15, 2013. Any stipulation shall comply with Local Rule 79-5.

IT IS SO ORDERED.

Dated: February 4, 2013

_____
EDWARD M. CHEN
United States District Judge